# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN RICARDO PEREZ VELASQUEZ,<br><br>Petitioner,<br><br>v.<br><br>RON MURRAY, Warden of Mesa Verde Detention Center; TODD M. LYONS, Acting Director for United States Immigration and Customs Enforcement; POLLY KAISER, Acting Field Office Director of Enforcement and Removal Operations, San Francisco Field Office, Immigration and Customs Enforcement,<br><br>Respondents. | No.  1:26-cv-01617-KES-SAB (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION TO DISMISS CERTAIN RESPONDENTS<br><br>Docs. 1, 7 |

Petitioner Bryan Ricardo Perez Velasquez is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 3.  The Court has previously addressed the legal issues raised by claims two and four of the petition.  *See, e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

1

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 5. Respondents state that they "do not have legal arguments to distinguish this case from prior orders issued by the Court, nor do [they] find material factual differences between this case and those identified by the Court." Doc. 8 at 2. While respondents oppose the petition, they do not raise any new arguments with respect to the substance of petitioner's arguments.[1] *See id.* at 1–4.[2]

Respondents move to dismiss all respondents other than petitioner's immediate custodian, Ron Murray. Doc. 7. "[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). For such core habeas challenges, "only one person can be said to maintain custody over the detained petitioner, and that person is the proper respondent . . . ." *Doe v. Garland*, 109 F.4th 1188, 1195 (9th Cir. 2024). But *Doe* did not address who may be named as a respondent when the relief sought includes a restraint on future detention—a non-core habeas challenge. That issue was addressed in *Dunne v. Henman*, where the Ninth Circuit explained that, for non-core habeas challenges, the official who has control over a future restraint on the petitioner's freedom is the "true custodian"

---

[1] Two courts of appeal have addressed whether 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens who have resided in the United States without having been admitted. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025) (concluding that government was not likely to prevail on the merits that petitioner was subject to mandatory detention under § 1225(b)(2)(A)); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, Nos. 25-20496, 25-40701, 2026 WL 323330 (5th Cir. Feb. 6, 2026) (finding petitioners were subject to mandatory detention under § 1225(b)(2)(A)). Respondents cite to the *Buenrostro-Mendez* decision. Doc. 8. The Court finds the analysis in *Castañon-Nava* and in the dissent in *Buenrostro-Mendez* to be more persuasive on the statutory interpretation issue. In any event, the *Buenrostro-Mendez* decision did not address the due process claim at issue in the present case.

[2] Respondents also request, in the alternative, that the Court hold this case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.) and *Carballo v. Andrews*, No. 1:25-CV00978-KES-EPG (HC), 2025 WL 2381464 (E.D. Cal. Aug. 15, 2025). *See* Doc. 8 at 3. Given the nature of the relief petitioner seeks, the Court declines to hold this case in abeyance pending the *Rodriguez* and *Carballo* appeals.

and should be named as a respondent. *Dunne v. Henman*, 875 F.2d 244, 248–49 (9th Cir. 1989) (citing *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484 (1973)); *see also Doe*, 109 F.4th at 1194, 1197 (noting that in *Dunne* the petitioner "filed his § 2241 petition to attack a future sentence, not his present physical confinement, rendering his petition a non-core habeas petition . . . ."); *Padilla*, 542 U.S. at 437–39 (explaining that the "immediate physical custodian rule, by its terms, does not apply when a habeas petitioner challenges something other than his present physical confinement[,]" and in such a case, a petitioner "may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody.'")

The petition in this case presents both a core and a non-core habeas challenge. Petitioner seeks release from his present physical confinement at Mesa Verde Detention Center, and he properly named Ron Murray, the warden of that facility, as a respondent. But he also requests that the Court "[e]njoin Respondents from re-detaining [him] unless" they provide him "7 days' advance written notice" and a "pre-deprivation bond hearing," and for that purpose he named the remaining respondents. Doc. 1 at 23, Prayer for Relief at ¶ 5. The petition explains that Ron Murray is "an employee of the GEO Group, which owns the detention center where Petitioner is detained[,]" and has only "immediate physical custody of petitioner" but no outside immigration enforcement responsibilities, while the remaining respondents, including "Todd M. Lyons[,] the Acting Director of ICE[,]" are "legally responsible for pursuing any effort to detain and remove the Petitioner." Doc. 1 at ¶¶ 28, 30. Respondents request that the Court dismiss the latter group of officials, but it is those officials—not Ron Murray—who would make the decision to re-detain him. Respondents' motion to dismiss the remaining respondents is therefore DENIED.

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-

KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the petition for writ of habeas corpus is GRANTED as to claims two and four, for the reasons addressed in those prior orders.[3]

Respondents are ORDERED to release petitioner immediately.  Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[4]

The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

Dated:    March 12, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[3] The Court need not address petitioner's other claims as petitioner is entitled to the relief he seeks based on the Court's ruling on claims two and four.

[4] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.